SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Melissa.K.Brown@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6962
FAX: (415) 436-6748

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGUAR ASSOCIATES GROUP, | No. C 07-5022 PVT |
| Plaintiff, | DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS |
| v. | Date: November 20, 2007 |
| UNITED STATES POSTAL SERVICE, | Time: 10:00 a.m. |
| Defendants. | Courtroom: 5 |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on November 20, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate Judge Patricia V. Trumbull, the United States Postal Service, pursuant to Federal Rules of Civil Procedure 12(b)(1), will move the Court to dismiss this action with prejudice for lack of subject matter jurisdiction, in the United States District Courthouse, 280 South First Street, San Jose, California 95113. The motion is based on this notice, the ensuing points and authorities, and the pleadings on file with the Court. Plaintiff's opposition to the motion will be due on October 30, 2007, 21 days prior to the hearing date. Defendant's reply will be due on November 6, 2007, 14 days prior to the hearing date.

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   RELIEF SOUGHT

The United States Postal Service ("USPS") moves for an order dismissing this action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A claim for lost mail is specifically excluded by the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §2680(b).

## II.   ISSUE PRESENTED

Whether this Court lacks subject matter jurisdiction because Plaintiff's claim arises out of a cause of action for which the United States has not waived sovereign immunity, 28 U.S.C. § 2680.

## III.   STATEMENT OF FACTS

On or about September 10, 2007, the USPS received Plaintiff Jaguar Associate Group's a Complaint Case number 407SC025077, naming the USPS as a defendant. See Ex. A. In block 3 of its Complaint, Plaintiff alleges that it made a mailing of a newsletter on April 4, 2006, but that two weeks later the newsletters had not been delivered. Plaintiff further alleges that as a result of the alleged failure of delivery with respect to the first mailing that it made a second mailing. Plaintiff seeks $204.75 in damages. Ex. A. The U.S. Attorney's Office removed the claim on September 28, 2007.

## IV.   ANALYSIS

A.   LEGAL STANDARDS UNDER RULES 12(B)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039 n.2. The United States Supreme Court recently declared that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1969 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).

The United States, as sovereign, can be sued only to the extent that it has consented to be

1 sued. United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit. United States v. Testan, 424 U.S. 392, 399 (1976). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. Smith v. United States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §1346(b)).

The United States is the only proper party defendant in an FTCA action. 28 U.S.C. § 2679(a); Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curium).

B.    PLAINTIFF'S CLAIM IS BARRED BY THE "LOST MAIL" EXCEPTION

Plaintiff's claim is barred by the lost mail exception to the FTCA. Plaintiff's Complaint clearly states a claim for Section 2680, Title 28, United States Code, bars tort claims arising from the process of mail delivery. Specifically, § 2680(b) bars: "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Plaintiff's claim clearly arises out of the alleged "loss, miscarriage, or negligent transmission" of mail that allegedly was not delivered. See Ex. A.

This postal exception is broadly stated, encompassing "any claim" arising out of the delivery of mail. It was intended, as noted by the Supreme Court, to distinguish the process of mail delivery, for which tort claims are not allowed, from garden variety torts relating to the operation of postal vehicles, for which tort claims are allowed. See Kosak v. United States, 465 U.S. 848, 855 (1984) (citing General Tort Bill: Hearing before a Subcommittee of the House Committee on Claims, 72nd Cong., 1st Sess., 17 (1932) (testimony of Assistant Attorney General Rugg)).

As the Supreme Court noted recently in Dolan v. USPS, 126 S. Ct. 1252 (2006), the exception set forth in § 2680(b) clearly applies to "failings in the postal obligation to deliver mail in a timely manner to the right address[.]" Id. at 1257. The exception thus bars claims "for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Id. at 1258; see also Rider v. United States Postal Service, 862 F.2d 239, 242 (9th Cir. 1988) (rejecting claim based on failure to deliver mail in the time promised

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
C 07-5022 PVT                                    3

by postal employee); Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985) (rejecting claim based on stolen mail); Abdul-Aleem v. USPS, No. C 03-4006 JL, 2004 WL 422621, at *2 (N.D. Cal. Mar. 1, 2004) (noting there is no cause of action for lost mail); Frank v. USPS, No. C 97-3335 VRW, 1997 WL 797926, at *2 (N.D. Cal. Dec. 15, 1997) (dismissing lost mail claim).

In the case at bar, Plaintiff alleges damages in the amount of $204.75 for the alleged failure to deliver newsletters. Ex. A. The allegations in Plaintiff's complaint clearly fall within the ambit of the "lost mail" exception. Moreover, Plaintiff has not and cannot allege any other theory for recovery against the USPS. Accordingly, Plaintiff's claim should be dismissed with prejudice. Abdul-Aleem, 2004 WL 422621, at * 2; Frank, 1997 WL 797926, at *2.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's claim against the United States should be dismissed with prejudice for lack of subject matter jurisdiction.

Dated: October 3, 2007                    Respectfully submitted,

                                                    SCOTT N. SCHOOLS
                                                  United States Attorney

                                                     /S/
                                                  MELISSA K. BROWN
                                                  Assistant U.S. Attorney
                                                  Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

<u>Jaguar Associates Group v. United States Postal Service</u>
C 06-05022 PVT

to be served this date upon each of the persons indicated below at the address shown:

Richard H. France
22860 Old Santa Cruz Hwy
Los Gatos, CA 95033

√   **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____   **BY PERSONAL SERVICE (BY MESSENGER):** I caused such envelope to be delivered by hand to the person or offices of each addressee above.

_____   **BY FACSIMILE (FAX):** I caused each such document to be sent by facsimile to the person or offices of each addressee above.

_____   **BY E-MAIL:** I caused each such document to be sent by e-mail to the person or offices of each address above.

_____   **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed October 3, 2007 at San Francisco, California.

_____/s/_____
KATHY TERRY
Legal Assistant

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
C 07-5022 PVT                                    5