Date: October 29, 2007

**FILED**

NOV - 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

To: United States District Court
    Northern District of California
    San Jose Division
Attention: Judge Patricia V. Trumbell
Case #: C 07-5022 PVT

Jaguar Associate Group - Plaintiff       United States Postal Service - Defendant

Subject: Request for non-granting of Proposed Order Granting Defendant's Motion to Dismiss

The basis for the above request is as follows:

I assume that most of the cases referred to by the Defendant are where individual pieces of mail were lost or misplaced. The loss is our case was approximately 400 copies of a newsletter. At 20 pages per newsletter the loss was 8000 pages and each page was not small being approximately 12" x 13". Even folded into an approximately 6" x 12" rectangle and bundled tightly these newsletters would measure a stack 4 foot tall. So it is not a case of an individual letter falling between the cracks, which might be quite excusable, this is a case of a mass loss.

Precedent cases make a lot of sense where "grey areas" exist and this might exist where only one or two pieces are lost. Also the fact that the defendant may have gotten out of paying when they should have paid does not mean that we are forced to continue with this unfair procedure. In our case it is pretty "black & white". We paid for a service that we could reasonably expect to be performed and the Post Office didn't perform". We can accept that they might lose one here or there but to lose 400 is inexcusable and I believe ample reason that they should pay the requested $204.75

We are not requesting reimbursement for the cost of the actual mail that was "lost". We are not asking for damages, only for the extra money that we had to give to the United States Post Office in order to get the "advertised" *First Class receives expeditious handling and transportation. Service objectives are delivery in 1 to 3 days;......*

The Postal Department keeps quoting the *Domestic Mail Manual* (DMM) as their authority for not paying. We did not "sign off" as accepting the DMM when we mailed the newsletters. Not only that the DMM outlines when the Post Office "may" pay a claim, but it does not specifically say they can not pay other claims.

I believe the foregoing is ample reason for not granting the Defendant's Motion to dismiss the case.
Sincerely,

Richard H. France