SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney
Melissa.K.Brown@usdoj.gov

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAGUAR ASSOCIATES GROUP, | ) | No. C 07-5022 PVT |
|     Plaintiff, | ) ) ) | **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| v. | ) | |
| UNITED STATES POSTAL SERVICE, | ) ) | Date:      November 20, 2007<br>Time:     10:00 a.m. |
|     Defendants. | ) ) | Courtroom: 5 |

**I. INTRODUCTION**

This case involves a simple motion to dismiss governed by straightforward rules of law. The defendant United States Postal Service (USPS) moved to dismiss Plaintiff Jaguar Associates Group's ("Plaintiff") complaint for lack of subject matter jurisdiction. Plaintiff attempts to sue the USPS for the loss or miscarriage of mail. Claims against the USPS for the loss or miscarriage of mail are barred by statute. Specifically, the Federal Tort Claims Act ("FTCA") excludes from the United States's waiver of sovereign immunity claims based upon the loss, miscarriage or negligent transmission of mail. Because the United States has not waived sovereign immunity with respect to such claims the court does not have subject matter jurisdiction over the United States or its agencies, i.e., USPS, and accordingly, they cannot be sued. Plaintiff's complaint, therefore must be dismissed with prejudice.

DEFENDANT'S REPLY ISO MOTION TO DISMISS
C 07-5022 PVT

## II. STATEMENT OF FACTS

On or about September 10, 2007, the USPS received Plaintiff's Complaint, which named it as a defendant. In block 3 of its Complaint, Plaintiff alleges that it made a mailing of a newsletter on April 4, 2006, but that two weeks later the newsletters had not been delivered. Plaintiff further alleges that as a result of the alleged failure of delivery with respect to the first mailing that it made a second mailing. Plaintiff seeks $204.75 in damages.

On October 3, 2007, defendant USPS filed and served its Notice of Motion and Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction. As a courtesy to Plaintiff, defendant USPS set out the briefing schedule for this motion in accordance with Local Rule 7-3. Pursuant to the Local Rules, any Opposition by Plaintiff was due on October 30, 2007. Plaintiff's one page letter opposition, was not filed or received until November 1, 2007; accordingly, it is untimely and should not be considered by this Court.

However, to the extent the opposition is considered, it makes clear that Plaintiff's claims are barred by statute. By its opposition, Plaintiff claims that 400 copies of a newsletter were lost and not delivered by the USPS. Opp. at 1. Contrary to Plaintiff's assertion, this is exactly the type of case that is barred by the FTCA, and therefore, Plaintiff's complaint must be dismissed.

## III. ANALYSIS

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039 n.2. Here, Plaintiff's complaint, which alleges a claim for lost mail establishes on its face the lack of subject matter jurisdiction because, as discussed below, such claims are barred by statute.

The United States, as sovereign, can be sued only to the extent that it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The terms of that consent define a federal court's jurisdiction to

DEFENDANT'S REPLY ISO MOTION TO DISMISS
C 07-5022 PVT                                    2

entertain such suit. United States v. Testan, 424 U.S. 392, 399 (1976).

The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. Smith v. United States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §1346(b)). Negligence actions against the USPS fall within the scope of the FTCA. The FTCA explicitly bars any claim arising from the loss, miscarriage or negligent transmission of mail. Accordingly, Plaintiff's claims are barred.

### B. Plaintiff's Claim Is Barred by the "Lost Mail" Exception

As set forth in Defendant's opening papers, Plaintiff's claim is barred by the lost mail exception to the FTCA. Section 2680(b) of the FTCA explicitly bars: "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Plaintiff's complaint, which is based upon the alleged failed delivery of its newsletter clearly falls within the scope of Section 2680(b). This fact is not changed by an allegation that 400 copies of a newsletter were lost rather than one. Opp. at 1.

The postal exception is broadly stated, encompassing "any claim" arising out of the delivery of mail. It was intended to distinguish the process of mail delivery, for which tort claims are not allowed, from garden variety torts relating to the operation of postal vehicles, for which tort claims are allowed. See Kosak v. United States, 465 U.S. 848, 855 (1984) (citing General Tort Bill: Hearing before a Subcommittee of the House Committee on Claims, 72nd Cong., 1st Sess., 17 (1932) (testimony of Assistant Attorney General Rugg)). The exception set forth in § 2680(b) clearly applies to "failings in the postal obligation to deliver mail in a timely manner to the right address[.]" Dolan v. USPS, 126 S. Ct. 1252, 1257 (2006).

Moreover, Plaintiff cannot save its complaint by arguing that it is attempting to recover costs for advertising. Opp. at 1. The lost mail exception bars claims "for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Id. at 1258; see also Rider v. United States Postal Service, 862 F.2d 239, 242 (9th Cir. 1988) (rejecting claim based on failure to deliver mail in the time promised by postal employee); Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th

Cir. 1985) (rejecting claim based on stolen mail); <u>Abdul-Aleem v. USPS</u>, No. C 03-4006 JL, 2004 WL 422621, at *2 (N.D. Cal. Mar. 1, 2004) (noting there is no cause of action for lost mail); <u>Frank v. USPS</u>, No. C 97-3335 VRW, 1997 WL 797926, at *2 (N.D. Cal. Dec. 15, 1997) (dismissing lost mail claim). Here, Plaintiff's claims clearly arise out of the alleged failure of mail to arrive and therefore are barred by the lost mail exception. Opp. at 1.

## IV.  CONCLUSION

In sum, the allegations in Plaintiff's complaint clearly fall within the ambit of the "lost mail" exception.  Moreover, Plaintiff cannot allege any other theory for recovery against the USPS.  The "lost mail" exception is clear; the United States has not waived sovereign immunity with respect to such claims. Accordingly, Plaintiff's complaint should be dismissed with prejudice for lack of subject matter jurisdiction.  <u>Abdul-Aleem</u>, 2004 WL 422621, at * 2; <u>Frank</u>, 1997 WL 797926, at *2.

Dated: November 6, 2007            Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

       /S/
MELISSA K. BROWN
Assistant U.S. Attorney
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

<u>Jaguar Associates Group v. United States Postal Service</u>
C 06-05022 PVT

to be served this date upon each of the persons indicated below at the address shown:

Richard H. France
22860 Old Santa Cruz Hwy
Los Gatos, CA 95033

√   **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

____   **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

____   **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

____   **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 6, 2007 at San Francisco, California.

          /s/
KATHY TERRY
Legal Assistant