1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAGUAR ASSOCIATES GROUP, | ) | Case No.: C-07-5022  PVT |
| | ) | |
| Plaintiff, | ) | ORDER CONTINUING HEARING ON |
| | ) | MOTION TO DISMISS TO ALLOW |
| v. | ) | PLAINTIFF CORPORATION TO |
| | ) | OBTAIN COUNSEL OR FOR MR. |
| UNITED STATES POSTAL SERVICE, | ) | FRANCE TO SUBSTANTIATE RIGHT |
| | ) | TO PROCEED IN INDIVIDUAL |
| Defendants. | ) | CAPACITY |
| _____ | ) | |

        In this action,  Mr.  Richard France filed a Complaint in Small Claims court on behalf of
Plaintiff  Jaguar Associates Group ("JAG").[1]  On September 28, 2007, the USPS removed the
case to this Court.   Defendant United States Postal Service ("USPS") filed a motion to dismiss
based on lack of subject matter jurisdiction.   The USPS argues that this court is without
jurisdiction because the United States Government has not waived its sovereign immunity for
claims of lost mail.  On November 15, 2007, USPS  filed a supplemental brief seeking dismissal
on the basis that Plaintiff Jaguar Associates Group ("JAG") may not appear *pro se* in this court.
Civil Local Rule 3-9(b) provides: "A corporation, unincorporated association, partnership or
other such entity may appear only through a member of the bar of this Court."  Mr.  France filed

---

        [1]    The holding of this court is limited to the facts and the particular circumstances
underlying the present motion.

1  the Opposition to the Motion to dismiss and has told defense counsel, Ms. Melissa K. Brown,

2  that he is not an attorney and does not intend to bring an attorney to the hearing on the motion to

3  dismiss. (Brown Decl. ¶¶ 3, 5). Accordingly, because a corporation may not appear without

4  counsel, if the claim is brought on behalf of JAG, JAG must appear through an attorney in order

5  to prosecute this case.

6        On November 16, 2007, the Court ordered Mr. France to file a declaration clarifying the

7  nature of the claim. The Court required Mr. France to explain whether the claim is brought on

8  his own behalf or on the behalf of the JAG and, if the claim is on behalf of JAG, to state whether

9  JAG will appear through counsel. Mr. France timely filed a declaration. Mr. France first

10  requested that Local Rule 3-9(b) be waived to allow JAG to appear *pro se*. "It has been the law

11  for the better part of two centuries, for example, that a corporation may appear in the federal

12  courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's*

13  *Advisory Council,* 506 U.S. 194, 202 (1993), *citing Osborn v. Bank of U.S.*, 22 U.S. 738, 745

14  (1824). Accordingly, the Court cannot waive the requirements of the Local Rule.

15        Mr. France next asks to be allowed to substitute in as Plaintiff, claiming a personal

16  interest because he is a member of JAG and has a direct financial interest in the outcome of this

17  case. In general, a corporation must bring suit itself for harms against the corporation. Mr.

18  France has not presented any authority to allow him to bring a claim that belongs to the

19  Corporation. Federal Rule of Civil Procedure 23.1 allows for shareholders to bring suit on

20  behalf of the corporation only in limited circumstances where the Corporation has unfairly

21  refused to act. In order to proceed on behalf of JAG, Mr. France "must allege with specificity

22  facts with regard to each director" of JAG "from which it may be inferred that the particular

23  director could or could not be expected to fairly evaluate the claims" that Mr. France seeks to

24  prosecute in a derivative action on behalf of JAG. *Lopes v. Vieira*, 488 F.Supp.2d 1000, 1014

25  (E.D.Cal. 2007).

26        Finally, Mr. France seeks to continue the Motion to Dismiss until March of 2008 in

27  order

28  *//*

1  //

2  //

3  to find an attorney to represent JAG free of charge.[2]  At this point, Mr.  France has not

4  demonstrated that he has standing to represent JAG.  Additionally, the case cannot be dismissed

5  against a corporate entity on substantive grounds when the corporate entity has not properly

6  appeared.  Accordingly, IT IS HEREBY ORDERED THAT:

7        1.    The Motion to Continue the Hearing is GRANTED and the Motion is

8              continued to March 11, 2008;

9        2.    Not later than February 26, 2008, Mr.  France shall file a declaration either

10             stating that JAG has found counsel or demonstrating his standing to sue as

11             an individual on behalf of JAG; and

12        3.    If Mr.  France cannot demonstrate that he has standing or that JAG has

13             obtained counsel, this lawsuit will be dismissed for lack of standing.

14

15

16     IT IS SO ORDERED

17  Dated: December 12,  2007

        *Patricia V. Trumbull*

18     _____
       PATRICIA V. TRUMBULL
19     United States Magistrate Judge

20

21

22

23

24

25

26

27     [2]Given the asserted lack of subject matter jurisdiction because the United States Government
       has not waived sovereign immunity for claims for lost mail, the Court is skeptical that JAG  will
28     be able to convince an attorney to take this case.

1 | copies mailed on 12/12___ to:

2 | Jaguar Associate Group
c/o Richard H. France
3 | 22860 Old Santa Cruz Highway
Los Gatos, CA 95033
4

5

6                                   /s/ Carolyn Frantz for
                                    _____
7                                   CORINNE LEW
                                    Courtroom Deputy
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER, *page 4*