UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGUAR ASSOCIATES GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: C 07-5022 PVT <br><br> **ORDER GRANTING DEFENDANT UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS** |

**INTRODUCTION**

Defendant United States Postal Service ("USPS") moves to dismiss the complaint based on lack of subject matter jurisdiction. The USPS argues that this court is without jurisdiction because the United States government has not waived its sovereign immunity. By its supplemental briefing, defendant USPS further moves to dismiss on the grounds that plaintiff Jaguar Associates Group ("JAG") may not appear *pro se*. Plaintiff JAG now assigns its claims against the USPS to Richard H. France. On March 11, 2008, the parties appeared for hearing. Having reviewed the papers and considered the arguments of Mr. France, other JAG members and the government, defendant USPS's motion to dismiss is granted.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**BACKGROUND**

On or about April 4, 2006, plaintiff JAG deposited for first class mail delivery 325 JAGazette newsletters with the USPS in Los Gatos, CA. Two weeks later, none of the newsletters had been received by any of its members. Plaintiff JAG then conducted a second mailing of its newsletters which required an additional $204.75 in postage. Some of the JAG members eventually received their newsletters from the first mailing. However, delivery of the newsletters was significantly delayed and notification of various scheduled events contained therein was moot. Other JAG members never received their newsletters.

Pursuant to certain provisions of the USPS's Domestic Mail Manual, plaintiff JAG sought to obtain a refund to compensate the club for the additional postage required for the second mailing. Its requests for a refund were denied on at least three occasions. On August 29, 2007, Mr. France on behalf of plaintiff JAG filed a complaint in small claims court seeking damages for the additional postage from the second mailing. On September 28, 2007, the USPS removed the case to federal court.

On October 3, 2007, the USPS filed a motion to dismiss the complaint for lack of subject matter jurisdiction. In supplemental briefing, the USPS further moved to dismiss on the grounds that plaintiff JAG may not appear *pro se.*

On November 16, 2007, the court ordered Mr. France to file a declaration clarifying the nature of the claim. The court had required that Mr. France explain whether the claim was brought on his own behalf or on behalf of JAG and whether JAG would appear through counsel. In his declaration, Mr. France requested that the court waive the local rule requirement that JAG appear through counsel. On December 12, 2007, the court ruled that the local rule requirement could not be waived and further ordered that Mr. France file another declaration either stating that JAG had engaged counsel or demonstrating his standing to sue as an individual on behalf of JAG. On February 12, 2008, Mr. France filed a declaration stating that JAG had assigned its claims for damages against the USPS to him.

**DISCUSSION**

**I.    Plaintiff JAG Cannot Assign its Claims to Mr. France**

As an initial matter, the USPS argues that dismissal is warranted because plaintiff JAG may not appear *pro se*. *See*, Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Mr. France, who initially brought the action on behalf of plaintiff JAG, is neither a member of the bar of the court nor an attorney.

On December 12, 2007, the court ordered Mr. France to file a declaration stating either that plaintiff JAG had engaged counsel or that he had standing to sue as an individual on behalf of JAG. On or about February 12, 2008, Mr. France filed a declaration stating that plaintiff JAG had assigned the claims, demands and causes of action for failure to timely deliver the JAGazette newsletters to him.

In *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.,* 392 F.Supp.16 (S.D.N.Y. 1974), the court held that a corporation could not assign its claims to an individual in an expedient effort "to thwart public policy of not allowing [the corporation] to appear *pro se*." The court reasoned that "[t]he law is absolutely clear that a corporation cannot appear *pro se* in federal court [and] the individual plaintiff has attempted to obviate the fact that his corporation is not represented by counsel by assigning all rights in the corporate causes of action to himself and then pressing those claims *pro se*." *Id.* at 18 (internal citations omitted). Additionally, the plaintiff in that action had moved to change the title of the action from the corporate name to the plaintiff's own name.[2] The court found that the "policy behind the rules is . . . the protection of the courts and the administration of justice . . . agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control. *Id.* at 19-20.

Here, the USPS does not challenge the validity of the assignment or claim that proper

---

[2] In the cited case, plaintiff had also argued that the Court of Appeals had allowed him to appear *pro se* on behalf of the corporation in two related cases. However, the court found that plaintiff had been allowed to appear *pro se* in the absence of any opposition and for the purpose of arguing the appeal only. Therefore, the court found no precedential value from the order by the Court of Appeals.

corporate procedures were not followed. Indeed, the assignment states in pertinent part as follows:

> For value received, the Jaguar Associate Group, a California nonprofit corporation, pursuant to a duly passed corporate resolution of its Board of Directors, hereby sells and transfers to Richard France (Assignee) and its successors, assigns and personal representatives, any and all claims, demands, and causes of action of any kind whatsoever which the undersigned has or may have against the United States Postal Service arising from the following type of claim:
>
> claim for damages arising out of the failure of the Postal Service to deliver copies of the JAGazette newletter in a timely manner.

Plaintiff JAG's assignment of its claims against the USPS to Mr. France, however, does appear to be an effort to thwart the public policy of requiring a corporation to obtain counsel. Accordingly, plaintiff JAG may not assign its claims against the USPS to Mr. France.

## II.     The United States Has Not Waived Sovereign Immunity

Notwithstanding the above, as a sovereign, the United States is immune from suit unless it has waived immunity. *Department of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999) and *Balser v. Department of Justice,* 327 F.3d 903, 907 (9th Cir. 2003). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz,* 476 U.S. 834, 841 (1986).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The United States, however, retains sovereign immunity from "[a]ny claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) and *Anderson v. United States Postal Serv.,* 761 F.2d 527, 528 (9th Cir. 1985). The postal exception is broadly stated and encompasses "any claim" arising out of the delivery of mail. It was intended to distinguish the process of mail delivery, for which tort claims are not allowed, from torts relating to the operation of postal vehicles, for which tort

claims are allowed. *See, Kosak v. United States,* 465 U.S. 848, 855 (1984). In *Dolan v. USPS,* 546 U.S. 481, 486, 126 S.Ct. 1252, 1257 (2006), the U.S. Supreme Court further noted that the exception set forth in § 2680(b) applies to "failings in the postal obligation to deliver mail in a timely manner to the right address[.] Therefore, the postal exception bars claims "for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 1258. *See also, Anderson v. U.S. Postal Service,* 761 F.2d 527 (9th Cir. 1985)(no cause of action for stolen mail); *Abdul-Aleem v. U.S. Postal Service,* 2004 WL 422621 (N.D. Cal. Mar 01, 2004)(noting that there is no cause of action for lost mail). Accordingly, this court is without jurisdiction for any tort claims brought against the government for lost mail and defendant USPS's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, defendant USPS's motion to dismiss is granted.

Dated: *March 11, 2008*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28